# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:22-cv-00364-MR

| | | |
|---|---|---|
| **CHARLES EDWARD BENDER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **STATE OF NORTH CAROLINA, et al.,** | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| **Respondents.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Amended

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. 3].[1]

## I.    BACKGROUND

The pro se Petitioner is a pretrial detainee at the Mecklenburg County

Jail for assault with a deadly weapon with intent to kill inflicting serious injury

(ADWIKISI), Case No. 20CRS212555.[2]  [Doc. 1].  The Petitioner names as

---

[1] Petitioner originally filed a "Writ of Habeas Corpus Ad Subjiciendum [sic]," an "Application for Writ of Habeas Corpus Ad Subjiciendum [sic]," and exhibits that were docketed as a § 2241 Petition.  [Doc. 1].  Before the Court ruled on the original § 2241 Petition, the Petitioner filed a § 2241 form and supporting documents, which are construed as the instant superseding Amended § 2241 Petition.  [Doc. 3]; see generally Fed. R. Civ. P. 15.

[2] This information is gleaned in part from the Mecklenburg County Sheriff's Office website. https://mecksheriffweb.mecklenburgcountync.gov/Inmate/Details?pid=0000483282&jid= 21-020378&activeOnly=True&firstName=charles&lastName=bender&prisType=ALL&

the Respondent Gary L. McFadden, the Sheriff of Mecklenburg County.[3]   He

claims that the Bill of Indictment names the stabbing victim as "Bruce Alfred"

rather than "Bruce Alford," which has denied him "due process of law, equal

protection, corpus delecti," and the right to confront his accuser.   [Doc. 3 at

6; Doc. 3-1 at 3].   Petitioner contends that the misspelling of the victim's

name and the lack of an oath or affirmation signed by, or on behalf of, the

victim renders the Indictment fatally defective and has deprived the North

Carolina court of jurisdiction over the criminal case.   [Doc. 3-1 at 3-4].

Petitioner claims that he has filed a "jurisdictional plea, action in rem" in the

Mecklenburg County Superior Court to quash the Indictment.  [Doc. 3 at 2].

He appears to concede that he has not yet received a ruling.  [Id. (stating

that he received "no response")].   Petitioner asks to be "discharged and

released immediately from this confinement through false arrest and … order

dismissal of charges relating to docket Case No. 20CRS212555.  [Id. at 7].

---

maxrows=48&page=1   (last accessed August 9, 2022); see Fed. R. Evid. 201.  Petitioner
also has a pending case for interfering with an electronic monitoring device, Case No.
21CR215751, but he does not appear to challenge that case.

[3] The Petitioner named the State of North Carolina as well as Sheriff McFadden as a
Respondent in the original § 2241 Petition.  See generally Rumsfeld v. Padilla, 542 U.S.
426, 434–35 (2004) (the "proper respondent" in a habeas case is typically the "person
who has the immediate custody of the party detained, with the power to produce the body
of such party before the court or judge").

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 2241, federal district courts are granted authority to consider an application for a writ of habeas corpus filed by a petitioner claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Pretrial petitions for writ of habeas corpus are property brought under § 2241 because it "'applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'"  United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)).

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. See Rule 1(a), (b), 28 U.S.C. foll. § 2254 (a district court may apply the rules for § 2254 proceedings to habeas petitions other than those filed under § 2254).  Pro se pleadings are construed liberally.  See generally Haines v. Kerner, 404 U.S. 519 (1972) (a pro se complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers).  After examining the record in this matter, the Court finds that the Amended § 2241 Petition can be resolved without an evidentiary hearing based on the record

3

and the governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).  The Court has also determined that no response is required.

## III.   DISCUSSION

The Court finds that no relief is warranted on the habeas petition. While federal courts have the power to hear pretrial habeas petitions, "prudential concerns, such as comity and the orderly administration of criminal justice, may require a federal court to forgo the exercise of its habeas corpus power."  Munaf v. Geren, 553 U.S. 674, 693 (2008) (citation and internal quotation marks omitted).  Out of respect for those concerns, a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances."  Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996) (citing Younger v. Harris, 401 U.S. 37 (1971)). Under the Younger abstention doctrine, courts of equity should not act if "the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  401 U.S. at 43-44 (citation omitted).  The Fourth Circuit has stated that Younger abstention is appropriate where: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  Martin Marietta Corp. v. Maryland

4

Comm'n on Hum. Rels., 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex

Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Under the first Younger prong, the Petitioner is being detained pending

trial on state criminal charges.  As such, the Petitioner is involved in an

ongoing state criminal proceeding.

Under the second prong, the Supreme Court has stated that "the

States' interest in administering their criminal justice systems free from

federal interference is one of the most powerful of the considerations that

should influence a court considering equitable types of relief."  Kelly v.

Robinson, 479 U.S. 36, 49 (1986) (citation omitted).  Accordingly, the

Petitioner's criminal proceeding implicates important state interests.

Under the third prong, the scheme for federal habeas review is

designed "to give the State an initial opportunity to pass upon and correct

alleged violations of its prisoners' federal rights."  Picard v. Connor, 404 U.S.

270, 275 (1971) (internal quotation marks and citation omitted).  A petitioner

must exhaust his available state remedies before he may pursue habeas

relief in federal court.  Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017).

"A habeas petitioner satisfies the exhaustion requirement by 'fairly

present[ing] his claim in each appropriate state court ... thereby alerting that

court to the federal nature of the claim.'"  Id. (quoting Baldwin v. Reese, 541

5

U.S. 27, 29 (2004)).  The petitioner bears the burden of proving exhaustion.  See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

The Petitioner claims to have filed a "jurisdictional plea" in the criminal case.  [Doc. 3 at 2].  However, that filing does not appear to have been resolved.  [Id.].  Nor does the Petitioner allege that he has filed a petition for a writ of habeas corpus in Superior Court, or that he has petitioned the North Carolina Court of Appeals for review.  See N.C. Gen. Stat. § 15A-547 (preserving right to petition state court for a writ of habeas corpus); see also Dickerson, 816 F.2d at 226 (as a general matter, "an attempt to dismiss an indictment or otherwise prevent a prosecution' is not attainable through federal habeas") (quoting Brown v. Estelle, 530 F.2d 1280 (5th Cir. 1976)).  Because the Petitioner has the opportunity to raise his federal claims in the state courts, he has an adequate remedy at law.[4]  See Younger, 401 U.S. at 43-44.

The Petitioner has failed to demonstrate that any special circumstances exist which would permit this Court to resolve the Petitioner's claims before giving the North Carolina courts to resolve them in the first

---

[4] For the same reasons, it appears that the Petitioner has failed to exhaust his available state remedies before filing his § 2241 Petition.  See generally Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489 (1973).

instance. Accordingly, <u>Younger</u> abstention is appropriate here and this action is dismissed without prejudice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's pro se Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. 3] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 19, 2022

Martin Reidinger
Chief United States District Judge

7